JAMES V. FAZIO, III (CSB# 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:   (858) 792-3446
Facsimile:    (858) 792-3501

Attorneys for Defendant,
MALTON LLC dba MATO & HASH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MALTON LLC, a Michigan limited liability company doing business as MATO & HASH; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 3:15-CV-2609-JAH-JMA<br><br>**ANSWER TO COMPLAINT BY DEFENDANT MALTON LLC DBA MATO & HASH** |

Defendant Malton LLC dba Mato & Hash ("Malton") hereby answers the Complaint by Plaintiff Thirty Three Threads, Inc. as follows. For ease of reference, Malton responds using the same paragraph numbers and headings as used in the Complaint.

## PARTIES

1. Malton is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2. Admitted.

3. Malton is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Malton admits that this action purports to arise under the patent laws of the United States. Malton denies that personal jurisdiction is proper in this District.

8. Denied.

## BACKGROUND OF THE CONTROVERSY

9. Malton is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10. Malton admits that the '935 is generally directed to foot apparel but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

11. Malton admits that on January 28, 2015, Barry Buchholtz (who Malton understands is the President of Thirty Three Threads, Inc.) ordered a pair of Malton's accused product online via Amazon.com. Malton admits the accused product was sold under the name "Mato & Hash." Malton is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

12. Denied.

13. Denied.

### FIRST CLAIM FOR RELIEF
### (Patent Infringement of U.S. Patent No. 7,346,935)

14. Malton admits that Plaintiff repeats and realleges the allegations of paragraphs 1 through 13.

15. Malton is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied

22. Denied.

### PRAYER FOR RELIEF

Malton denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, or at all.

### DEMAND FOR JURY TRIAL

Malton does not object to a trial by jury of all issues so triable.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Malton asserts the following below. Malton does not hereby assume the burden of proof with respect to any matters on which Plaintiff bears the burden of proof by law.  Malton reserves the right to amend, modify or supplement its affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Waiver, Estoppel, Laches, Acquiescence, and Unclean Hands)

2. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, acquiescence, and unclean hands.

## THIRD AFFIRMATIVE DEFENSE
(No Injunctive Relief)

3. Plaintiff's claims for injunctive relief are barred because Plaintiff has not suffered and is not suffering irreparable harm, the balance of hardships tips in favor of Malton and because Plaintiff has an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

4. Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE
(Prior Commercial Use)

5. Malton does not infringe any claims of the asserted patent under 35 U.S.C. §273.

## SIXTH AFFIRMATIVE DEFENSE
(Limitations on Damages)

6. Plaintiff's claims and damages are barred in whole or in part by 35 U.S.C. §§286, 287 and/or 288.

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Personal Jurisdiction and/or Venue)

7. Plaintiff's complaint should be dismissed for lack of personal

jurisdiction under Fed. R. Civ. P. 12(b)(2) and/or improper venue under Fed. R. Civ. P. 12(b)(3).

### EIGHTH AFFIRMATIVE DEFENSE
(Non-Infringement)

8. Malton has not infringed and does not infringe any claim of the '935 patent, either directly, contributorily, or by inducement.

### NINTH AFFIRMATIVE DEFENSE
(Invalidity)

9. Each of the asserted claims of the '935 patent is invalid and/or unenforceable for failure to satisfy one or more of the requirements of patentability set forth in 35 U.S.C.§ 1 *et seq*., including without limitation 35 U.S.C. §§ 100, 101, 102, 103 and/or 112.

### ADDITIONAL AFFIRMATIVE DEFENSES

10. Malton reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and investigation in this case.

DATED: April 17, 2017                           Respectfully submitted,

By: */s/James V. Fazio, III*
James V. Fazio, III (CSB 183353)
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-792-3446
Facsimile: 858-792-3447
jamesfazio@sandiegoiplaw.com

Attorneys for Defendant,
MALTON LLC dba MATO & HASH